UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEARAME B.,[1]                                   Case No. 1:21-cv-228

        Plaintiff,                              Bowman, M.J.

  v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**[2]

Plaintiff Jearame B. filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). On August 8, 2022, the Court entered judgment in Plaintiff's favor, remanding to the Commissioner for further proceedings under Sentence Four. On November 3, 2022, Plaintiff's counsel timely filed a motion seeking an award of attorney's fees under the Equal Access for Justice Act ("EAJA").[3] The Commissioner has filed no response, and the motion is now GRANTED.

    **I.**    **Analysis of Plaintiff's Motion for Fees**

The EAJA is a general fee statute that applies to any "civil action…brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). The EAJA reverses the American rule that each party pays its own attorney's fees, and instead provides for an award of fees to any "prevailing party… unless the court finds that the position of the United States

---

[1] Due to significant privacy concerns in social security cases, this Court refers to claimants only by their first names and last initials. *See* General Order 22-01.
[2] The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).
[3] In general, an EAJA motion in a case in which the Commissioner is named as the Defendant must be filed within 90 days of the entry of judgment by this Court. *See Townsend v. Comm'r of Social Security*, 415 F.3d 578, 581 (6th Cir. 2005).

was substantially justified or that special circumstances make an award unjust." *Id.* A plaintiff who wins a judgment that directs remand for additional administrative review - a more common occurrence than a judicial award of benefits - is considered to be a prevailing party under the EAJA regardless of whether benefits are ultimately awarded.[4] *See Shalala v. Schaefer,* 509 U.S. 292, 301-02, 113 S.Ct. 2625 (1993). So long as a litigant's EAJA motion demonstrates that he or she is a prevailing party, includes the requisite itemized record of time and expenses, and alleges that the position of the United States was not substantially justified, an award of fees may be granted. *See* 27 U.S.C. §2412(d)(1)(B).

Plaintiff's motion is supported by an Affirmation and multiple exhibits that reflect the requisite itemized record of time and expenses. In the Affirmation, Plaintiff asserts that he is a prevailing party and alleges that the Commissioner's position was not substantially justified. (Doc. 19). The Commissioner's lack of opposition confirms the propriety of an award in this case. *See Scarborough v. Principi*, 124 S.Ct. 1856, 1865, 541 U.S. 401, 414 (2004) (holding that it is the Government's burden under the EAJA to prove that its position was substantially justified).

Plaintiff seeks a total award of $7,625.19, consisting of 3.3 attorney hours at the rate of $207.85 per hour for work performed in 2021, plus 28.9 attorney hours at the rate of $221.29 per hour for the first half of 2022, plus 6.8 paralegal hours at the rate of $80.00 per hour. (Docs. 19, 19-6, 19-7, 19-8). Counsel supports his requested hourly rates with

---

[4]As a practical matter, some plaintiffs win benefits after remand while others do not. If a plaintiff is unsuccessful at the agency level after remand from this Court, the EAJA fee may be the only compensation that counsel will recover for the work he or she performed in this Court since virtually all social security cases are litigated on a contingency fee basis. However, if a plaintiff does win benefits on remand, counsel may return to this Court to seek an additional (typically higher) contingent award of fees under a separate provision of the Social Security Act. *See, generally*, 42 U.S.C. § 406(b), In such cases, any earlier EAJA award must be refunded to avoid a double-recovery for the same work.

cost of living charts and other evidence reflecting hourly rates for attorneys of comparable skill over the same time period. The EAJA expressly authorizes an award of "prevailing market rates" and anticipates that "an increase in the cost of living" or "special factor[s]" may justify a higher rate than the $125.00 per hour statutory rate. 28 U.S.C. §2412(d)(2)(A). The higher hourly rates sought in this case are well-supported by the record presented, including but not limited to the Consumer Price Index - All Urban Consumers for the "Midwest Urban" areas for area for "All items." (Docs. 19 and 19-1). *See also Marcia L. v. Comm'r*, Case No. 1:20-cv-202, 2022 WL 4537981, at *6 (S.D. Ohio Sept. 28, 2022) (confirming this district's use of same CPI index).

The determination of a "reasonable" fee necessarily involves the exercise of some discretion, both by the billing attorney and by this Court. *See* 28 U.S.C. § 2412(d)(1)(D) (limiting award to "reasonable attorney fees" including "prevailing market rates for the kind and quality of the services furnished."); *Commissioner v. I.N.S. v. Jean*, 496 U.S. 154, 165-166 (1990) (The EAJA "provides district courts discretion to adjust the amount of fees for various portions of the litigation, guided by reason and statutory criteria."). Having examined the exhibits attached to the motion, including detailed time records, the Court finds the total award requested to be "reasonable."

Plaintiff here seeks an Order directing payment to counsel. However, the payment of EAJA fees must be made directly to the prevailing plaintiff, and not to his attorney. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). Plaintiff has filed an executed Waiver of Direct Payment that acknowledges that any EAJA award is subject to offset if the Plaintiff owes a qualifying debt to the United States. (*See* Doc. 19-9). But if the United States Department of Treasury determines that Plaintiff owes no such debt, then the Waiver assigns direct payment of the EAJA fee to his counsel. (*Id*.) Plaintiff asks this

3

Court to incorporate the language of the Waiver in order to direct payment to counsel. (Doc. 18 at 1, PageID 1955).

The problem with Plaintiff's request is that the assignment of an EAJA award executed in advance of any actual award violates the Anti-Assignment Act ("AAA"). *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 937 (6th Cir. 2017). "Unless the government waives application of the AAA in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer." *Id.* This Court cannot direct payment to counsel under any circumstances because to do so would be to unlawfully limit the Government's complete discretion either to enforce the AAA or to waive its application in order "to honor the assignment." *Id.*, 874 F.3d at 935; *accord Amy K. v. Comm'r*, Case No. 1:20-cv-831-KLL, 2021 WL 6197407, at *2 (S.D. Ohio, Dec. 30, 2021) (citing *Kerr* and denying request to direct fees to plaintiff's counsel under assignment agreement). Therefore, the Court will simply grant Plaintiff's motion and award an EAJA fee in the amount requested, while remaining silent about the manner of payment. *See Jordan v. Comm'r*, Case No. 1:17 CV 33, 2017 WL 6451887, at *3 (N.D. Ohio, Dec. 18, 2017) ("While the Commissioner may decide to make the fee payable to Plaintiff's attorney if he owes no preexisting debt to the United States, the Court will not so order.").

II. Conclusion and Order

Accordingly, **IT IS ORDERED THAT** Plaintiff's Motion for Attorney Fees (Doc. 18) is **GRANTED**, with the Commissioner to pay Plaintiff a total award of $7,625.19 as a reasonable attorney fee for work performed in this case.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4